FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02924-BNB

PEDRO NIVAL,

    Applicant,

v.

EXECUTIVE DIRECTOR TOM CLEMENTS,
WARDEN RICHARD SMELSER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN W. SUTHERS,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Pedro Nival, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He initiated this action by filing a "Prisoner's Motion and Affidavit for Leave to Stay and Abeyance for Filing Writ of Habeas Corpus Action Pursuant to 28 U.S.C. § 2254" with the Court on December 2, 2010.

In an order filed on December 10, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Nival to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Nival was directed to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the court-approved form. Mr. Nival was also directed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved form and a current certified copy of his prisoner's trust fund statement. After receiving an extension of time, Mr. Nival filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915 on February 15, 2011. He was granted leave to proceed pursuant to 28 U.S.C. § 1915 by order dated February 18, 2011.

On February 23, 2011, Magistrate Judge Boland reviewed the Application and determined that the claims raised by Mr. Nival must be asserted pursuant to 28 U.S.C. § 2241 because the claims appeared to call into question the execution, and not the validity, of Mr. Nival's sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Magistrate Judge Boland noted that Mr. Nival's claims were not entirely clear but that he appeared to challenge decisions made by DOC officials during an administrative hearing. Therefore, Mr. Nival was directed to file an Amended Application, and to assert his claims pursuant to 28 U.S.C. § 2241. After receiving an extension of time, Mr. Nival filed an Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 21, 2011.

On April 26, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response to the amended habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On May 17, 2011, Respondents filed a preliminary response. After receiving an extension of time, Mr. Nival filed a reply on July 15, 2011. On July 18, 2011, Magistrate Judge Boland directed Respondents to file a supplement to the preliminary response, which they submitted on July 28, 2011.

The Court must construe Mr. Nival's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate.

2

*See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

In the Amended Application, Mr. Nival challenges a decision made by a DOC panel in October 2007, which classified him as an S-4 sex offender. He asserts that he was not provided adequate due process and that there was not sufficient evidence against him to support the sex offender classification.

Respondents argue that Mr. Nival has failed to exhaust state court remedies before seeking federal court intervention. Prelim. Resp. at 3. Respondents contend that Mr. Nival has presented his claims in a Colorado Rule of Civil Procedure 106(a)(4) action to the Fremont County District Court and the Colorado Court of Appeals, but has failed to obtain judicial review of the appellate court's decision by the Colorado Supreme Court. *Id.* at 4.

Mr. Nival is required to exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a

federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In his reply, Mr. Nival alleges that he filed a petition for certiorari review with the Colorado Supreme Court on May 9, 2010, and that the Colorado Supreme Court "declined" to hear his case on or about April 20, 2010. Reply at 1. Mr. Nival did not provide the order denying certiorari review to the Court, but asserted that he was in the process of locating a copy. *Id.* at 2. Magistrate Judge Boland therefore directed Respondents to file a supplement to the preliminary response and address Mr. Nival's argument that he fairly presented his claims to the Colorado Supreme Court in a certiorari petition that was denied on or around April 20, 2010.

Respondents filed a supplement on July 28, 2011. In the supplement, Respondents state that the Colorado Supreme Court has no record of a petition for writ of certiorari filed by Mr. Nival that was denied on or around April 20, 2010. Supplement at 2. Respondents further state, and provide documentation demonstrating, that Mr. Nival has filed petitions for writs of certiorari in two of his criminal cases and that both of those petitions were denied in 2009. *Id.* at 2-3. Moreover, neither of those certiorari petitions raised claims pertaining to the administrative review hearing that Mr. Nival challenges in this action. *Id.*

Mr. Nival has failed to demonstrate that he has fairly presented his claims to the Colorado Supreme Court. Mr. Nival's failure to challenge his administrative classification in the Colorado Supreme Court after these claims were presented fairly to the Colorado Court of Appeals renders these claims unexhausted. The Court will dismiss this action for

4

failure to exhaust because Mr. Nival makes no reasoned argument that demonstrates he has exhausted state court remedies. Accordingly, it is

ORDERED that the amended habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __1st__ day of __August__, 2011.

BY THE COURT:


    __s/Lewis T. Babcock__
    LEWIS T. BABCOCK, Senior Judge
    United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02924-BNB

Pedro Nival
Prisoner No. 135614
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 2, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk