FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02924-LTB

PEDRO NIVAL,

        Applicant,

v.

EXECUTIVE DIRECTOR TOM CLEMENTS,
WARDEN RICHARD SMELSER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN W. SUTHERS,

        Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Pedro Nival, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed on August 18, 2011, a *pro se* document titled "Objection to the Order of August 2, 2011, and Petition for Rehearing of the Stay and Abeyance."

The Court construed the document as a motion to reconsider and directed Respondents to file a response to the motion. After receiving an extension of time, Respondents submitted a response on September 15, 2011.

The Court must construe the motion liberally because Mr. Nival is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion to reconsider will be denied for the reasons stated below.

A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Nival filed the motion to reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Nival fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Nival initiated this case by filing a "Prisoner's Motion and Affidavit for Leave to Stay and Abeyance for Filing Writ of Habeas Corpus Action Pursuant to 28 U.S.C. § 2254" with the Court on December 2, 2010. Mr. Nival filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on February 15, 2011. On February 23, 2011, Magistrate Judge Boyd N. Boland reviewed the application and determined that Mr. Nival's claims must be asserted pursuant to 28 U.S.C. § 2241 because the claims appeared to call into question the execution, not the validity, of Mr. Nival's sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, Mr. Nival was directed to submit an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which he filed on April 21, 2011. In the amended application, Mr.

Nival challenges a decision made by a DOC panel in October 2007, which classified him as an S-4 sex offender. He asserts that he was not provided adequate due process and that there was not sufficient evidence against him to support the sex offender classification.

On April 26, 2011, Magistrate Judge Boland ordered Respondents to file a preliminary response to the amended habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On May 17, 2011, Respondents filed a preliminary response. After receiving an extension of time, Mr. Nival filed a reply on July 15, 2011. On July 18, 2011, Magistrate Judge Boland directed Respondents to file a supplement to the preliminary response, which they submitted on July 28, 2011.

On August 2, 2011, the Court denied the amended application and dismissed the action without prejudice for Mr. Nival's failure to exhaust state court remedies. The Court found that Mr. Nival had presented his claims in a Colorado Rule of Civil Procedure 106(a)(4) action to the Fremont County District Court and the Colorado Court of Appeals, but had failed to obtain judicial review of the appellate court's decision by the Colorado Supreme Court. Mr. Nival's failure to challenge his administrative classification in the Colorado Supreme Court after these claims were presented fairly to the Colorado Court of Appeals rendered his claims unexhausted. Judgment also entered on August 2, 2011.

Mr. Nival filed the motion to reconsider on August 18, 2011. In the motion, he asserts that his claims are exhausted because he sought review from the Colorado Supreme Court on May 13, 2010. Mr. Nival attached to the Motion a "Petition for

Rehearing" that he apparently filed with the Colorado Supreme Court on May 13, 2010, in addition to a legal mail log from his facility demonstrating that the pleading was mailed to the Colorado Supreme Court on May 13, 2010.

In response to the motion to reconsider, Respondents confirm that Mr. Nival has failed to exhaust his claims. Respondents explain that the Colorado Court of Appeals issued a decision on Mr. Nival's claims challenging his administrative classification on March 25, 2010. *See* Response at Ex. A, p. 2. On April 15, 2010, Mr. Nival filed a motion for extension of time to file a petition for rehearing with the Colorado Court of Appeals. *See id.* That motion was partially granted, and Mr. Nival filed a petition for rehearing with the Colorado Court of Appeals on April 26, 2010. *Id.* Respondents have filed documentation which shows that Mr. Nival filed an advisory copy of the same petition for rehearing with the Colorado Supreme Court on May 17, 2010. *Id.* Respondents indicate that this is the document which Mr. Nival has attached to his motion to reconsider. They further indicate that the Colorado Supreme Court has confirmed that it does not have a case associated with the advisory copy of the petition for rehearing filed by Mr. Nival. *See* Response at 2.

Based on the documents filed by Respondents, the Court concludes that Mr. Nival has not exhausted his claims. Mr. Nival was required to seek independent review of his claims in the Colorado Supreme Court via a petition for writ of certiorari. Filing an advisory copy of a petition for rehearing with the Colorado Supreme Court, which the court did not recognize as a properly filed appeal, does not meet this requirement. The Court again finds that Mr. Nival has failed to present his claims "through one 'complete

round of the State's established appellate review process.'" ***Woodford v. Ngo***, 548 U.S. 81, 92 (1999) (citation omitted). Therefore, Mr. Nival has not asserted any of the major grounds that would justify reconsideration in his case, and the motion to reconsider will be denied. See ***Servants of the Paraclete***, 204 F.3d at 1012. Accordingly, it is

ORDERED that the "Objection to the Order of August 2, 2011, and Petition for Rehearing of the Stay and Abeyance," filed on August 18, 2011, is construed as a Motion to Reconsider pursuant to Federal Rule of Procedure 59(e). It is

FURTHER ORDERED that the Motion to Reconsider is DENIED.

DATED at Denver, Colorado, this __20th__ day of ___September___, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02924-BNB

Pedro Nival
Prisoner No. 135614
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 20, 2011.

                            GREGORY C. LANGHAM, CLERK

                    By: _____
                                Deputy Clerk